# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL DORSEY, | Case No. CV 20-5612 FMO (RAOx) |
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| THRIFTY OIL CO., | |
| Defendant. | |

On July 9, 2020, the court issued a Standing Order Re: ADA Accessibility Cases (see Dkt. 9, Court's Order of July 9, 2020), which ordered plaintiff to promptly serve the complaint. (See id. at 2). The court admonished plaintiff that "failure to file the proof of service within 93 days after the filing of the case shall result in the dismissal of the action and/or the defendant that has not appeared in the case and for which plaintiff has not filed a proof of service." (Id.) (citing Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)) Here, plaintiff failed to serve defendant and file a proof of service within 93 days after filing his complaint.[1] (See, generally, Dkt.).

Rule 4(m) of the Federal Rules of Civil Procedure[2] provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after

---

[1] Plaintiff filed a "Response" to the Court's Order of July 9, 2020, which demonstrated that plaintiff has not been diligent in prosecuting this action. (See Dkt. 10, Response). Although the complaint was filed on June 24, 2020, (see Dkt. 1), and the court issued its Order on July 9, 2020, plaintiff waited until "Late-July of 2020" to send "work orders to [an] attorney service . . . for proper, personal service[.]" (Dkt. 10, Response at ¶ 2).

[2] All "Rule" citations refer to the Federal Rules of Civil Procedure.

the complaint is filed[.]"  In addition, a district court may dismiss an action pursuant to Rule 41(b) for failure to prosecute or to comply with court orders.  Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order).  Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986).  These factors include:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply.").  "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion."  Ferdik, 963 F.2d at 1261.

Pursuant to Rules 4 & 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined above, dismissal of this action without prejudice for failure to effect service within the specified time and comply with the Court's Order of July 9, 2020 (Dkt. 9), is appropriate.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to prosecute and comply with the orders of the court.

Dated this 15th day of October, 2020.

/s/
Fernando M. Olguin
United States District Judge